## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BONAYA ABASABA,**

    **Plaintiff,**                                      **CASE NO.:**

vs.

**REAL PAGE, INC. d/b/a LEASINGDESK SCREENING,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Bonaya Abasaba, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant, Real Page, Inc. d/b/a Leasingdesk Screening (hereinafter "LeasingDesk") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., arising out of a tenant screening report that Defendant published to Plaintiff's potential landlord, which falsely portrayed Plaintiff as having a criminal record.

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

1

2. Defendant has produced and sold consumer reports concerning Plaintiff's background that wrongfully reported that Plaintiff's personal identifying information indicated that Plaintiff was found guilty of a criminal offense.

3. As a result of Defendant's violations, Plaintiff was harmed by, without limitation, being denied housing and suffering considerable stress and anguish.

## I.   PARTIES

4. Plaintiff is a natural person, a resident of Orlando, Orange County, Florida, and a "consumer" as defined and protected by 15 U.S.C. § 1681a (c) of the FCRA.

5. Defendant Leasingdesk is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce.

6. Leasingdesk assembles and merges credit and background information from various sources and maintains a database of the assembled and/or merged information from which it then produces new consumer reports.

7. Defendant Leasingdesk is authorized to do business in this state, maintains its principal place of business at 2201 Lakeside Boulevard, Richardson, Texas 75082, regularly conducts business in this judicial district, and can be served with process by way of its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

## II.     JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*

9. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b).

## STATUTORY STRUCTURE OF THE FCRA

10. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. See 15 U.S.C. § 1681a.

11. To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and

implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

12. The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA. Congress enacted the FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681b.

13. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

14. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory

14. damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

15. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

### III.  FACTUAL ALLEGATIONS

16. Plaintiff was previously charged with criminal mischief in Orange County, Florida, resulting in a public record and publicly filed criminal case against him (Orange County, Case No. 2022-MM-006811-A-0).

17. Following that case, on June 29, 2023, Plaintiff successfully had this public record expunged. *See Exhibit A.*

18. Despite this expungement and the removal of the criminal record also being public record, Defendant LeasingDesk continued to report the criminal charge as open and accurate.

19. To his great dismay and surprise, on or about August 30, 2024, Plaintiff applied for an apartment at Prose Stevens Pointe in St. Cloud, FL and was

5

denied because LeasingDesk was still reporting the expunged criminal record.

20. Shortly after learning of the inaccurate reporting, Plaintiff contacted LeasingDesk to dispute the erroneous reporting in his background report. Plaintiff advised LeasingDesk that the criminal record should not be listed on his report as it was expunged.

21. On or about September 11, 2024, LeasingDesk responded to Plaintiff's dispute by stating in part:

> LeasingDesk Screening has investigated your dispute and has notified the sources of the disputed information. Our investigation is now complete. The investigation performed by LeasingDesk Screening revealed that the disputed information is inaccurate, incomplete, or cannot be verified. The apartment community makes a decision based upon many factors. You may want to review the findings of the reinvestigation with Prose Steven's Pointe and we encourage you to do so.
>
> Here is a summary of the results of our investigation:
>
> **The criminal section of the report provided to PROSE STEVEN'S POINTE apartment community on 08/30/2024 was derived from public records from the Florida Orange County Courts. Based upon the information you have provided and our investigation, we have determined that the record reported is no longer public and the record will be removed from your file.**
>
> You have the right to file with LeasingDesk Screening a brief statement disputing any of the information contained in your file. If you choose to do so, then LeasingDesk Screening will include the statement or a summary of it in future reports that LeasingDesk Screening prepares.

22. LeasingDesk removed the inaccurate information, but the damage was already done. By failing to update the information in his background report that was over a year old, Plaintiff lost his opportunity for housing.

23. LeasingDesk knew or should have known of the inaccurate and/or misleading nature of the information they were reporting concerning Plaintiff's alleged criminal history.

24. But for Defendant's inaccurate and/or misleading reporting, Plaintiff's rental application would have been approved and Plaintiff would have benefitted from the location, affordability, and overall comfort of the Prose Stevens Pointe apartment complex.

25. Defendant knew their services are used to make significant consumer decisions concerning housing.

26. Nevertheless, instead of employing reasonable procedures as required by the FCRA, Defendant, upon information and belief, blindly collect information in an unreliable manner without verifying the information they collect.

27. Upon information and belief, Defendant knowingly and willfully maintain deficient procedures because employing reasonable procedures to ensure they meet their duties under the FCRA would reduce their profits.

28. Defendant has been sued under the FCRA in the past for similar errors.

29. Because Defendant has been sued under the FCRA in the past, Defendant has actual notice that their respective procedures often result in the violations of the FCRA, as applicable.

30. Despite such notice, Defendant recklessly, knowingly and/or willingly failed and continue to fail to employ procedures that assure they meet their duties under the FCRA.

31. The injuries suffered by Plaintiff as a direct result of Defendants' violations, as alleged herein, are the type of injuries that the FCRA was enacted to prevent.

32. Consumer reporting agencies that create background reports, like LeasingDesk, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

33. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise

8

verify.

34. As a result of Defendant's actions, Plaintiff has suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion.

35. Plaintiff retained undersigned counsel for the purpose of pursuing this matter against Defendant and Plaintiff is obligated to pay his attorney a reasonable fee for his services. Defendant is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

36. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

### III. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681e(b)
### (LEASINGDESK)

37. Plaintiff incorporates paragraph 1 – 36 above as fully stated herein.

38. LeasingDesk willfully and/or negligently ignored the information provided to it by its public records sources.

39. Defendant LeasingDesk willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to prepare a consumer report with reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

40. Specifically, LeasingDesk failed to update criminal record information on Plaintiff's background report, despite the information on the file being over a year old and an expungement having been processed.

41. Defendant LeasingDesk's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

42. Defendant LeasingDesk's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant LeasingDesk:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For attorney's fees and costs incurred in this action;

e) For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting

the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

### Designation of Lead Counsel Pursuant to Local Rule 2.02(a)

NOTICE IS HEREBY given that Max Story is lead counsel for Plaintiff.

Respectfully submitted this 26th day of September, 2024.

**STORY GRIFFIN**

/s/ Austin Griffin, Esq._____
MAX STORY, ESQ.
Florida Bar: 0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Phone: (904)372-4109
Fax: (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff